**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARSHALL SPIEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 C 9357 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CORRINE MCCLINTIC, | ) | |
| VILLAGE OF WILMETTE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case is one in a long line of many Plaintiff Marshall Spiegel has brought arising out of his various disputes with his condominium association and other owners within the association. Here, Spiegel brings a § 1983 lawsuit against Defendants Corinne McClintic and the Village of Wilmette ("Wilmette") seeking a declaratory judgment, injunctive relief, and damages because Spiegel claims that McClintic and Wilmette police officers violated his constitutional rights by seeking to prevent him from videotaping McClintic and others in public places. Because McClintic allegedly peered through his window, Spiegel additionally alleges that McClintic is liable for intrusion upon seclusion.

In October 2016, Spiegel filed his first complaint against McClintic, requesting declaratory relief and alleging a claim for defamation. He amended that complaint, adding a claim against Wilmette, and later moved for a temporary restraining order and preliminary injunction against Wilmette and McClintic. The Court denied the motion for a temporary restraining order and preliminary injunction because, based on the first amended complaint, the Court could not determine a basis for federal subject matter jurisdiction. The Court also dismissed Spiegel's first amended complaint without prejudice. Spiegel then filed his second

amended complaint [14] and an amended second motion for a preliminary injunction [36],[1] which are currently before the Court. Wilmette and McClintic both move to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction [31], [18]. McClintic also moves to dismiss the second amended complaint under Rule 12(b)(6) for failure to state a claim and requests attorneys' fees [18].

Because Spiegel has sufficiently alleged his standing to bring a claim against Wilmette, the Court denies Wilmette's motion to dismiss [31]. Although the Court finds it has subject matter jurisdiction over the case, the Court dismisses Spiegel's claims against McClintic for failure to plead their required elements. The Court declines to award McClintic her attorneys' fees, however. Finally, because the Court finds that Spiegel is unlikely to succeed on his claim against Wilmette, the Court denies Spiegel's motion for a preliminary injunction [36].

**BACKGROUND**[2]

Spiegel owns a condominium located on Sheridan Road in Wilmette, Illinois, where he has resided for 22 years. McClintic and her husband also own a condominium unit located in the same building. McClintic does not live in her unit and instead rents it to tenants. However, she frequents the condominium building and uses the building pool. During her visits to the condominium building and pool, McClintic "spies on Spiegel by peering through his window, taking pictures, and harassing him." Doc. 14 ¶ 7.

McClintic has also filed "numerous police reports against Spiegel." *Id.* ¶ 8. One such report occurred in June 2016, when McClintic filed a report with the Wilmette police claiming

---

[1] Spiegel also moved for a temporary restraining order. However, on February 8, 2017, Spiegel withdrew the motion for a temporary restraining order.

[2] The facts in the background section are taken from Spiegel's second amended complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

that while she was leaving the condominium building, Spiegel jumped in front of her car and took pictures. A Wilmette police officer went to the building and discussed the complaint with Spiegel. The officer "erupted into a tirade" and "insisted that Spiegel had broken the law." *Id.* ¶ 10. Days later, two Wilmette detectives visited the building and "warned Spiegel about any further problems." *Id.* ¶ 12.

In October 2016, McClintic called the Wilmette police with another complaint regarding Spiegel. Spiegel had documented McClintic "trying to evade [a] process server on the public sidewalk in front of the building." *Id.* ¶ 14. McClintic then told Spiegel that the Wilmette police advised her to call the police if Spiegel took videos of her in order to have Spiegel arrested. McClintic subsequently threatened Spiegel that he would be arrested for videotaping her in public places.

McClintic also complained to the Wilmette police regarding a September 2016 incident when Spiegel, from inside his condominium, videotaped McClintic, her husband, and another condominium owner talking at the pool. McClintic "told the police she felt threatened and wanted to report Spiegel for disorderly conduct." *Id.* ¶ 18. In addition, a Wilmette detective told Spiegel that if the police received another complaint, the detective would come to Spiegel's house and "'execute the charges' against him." *Id.* ¶ 19.

Spiegel has also made his own complaints to the Wilmette police regarding condominium residents and others. However, the Wilmette police have "refused to act on Spiegel's claims." *Id.* ¶ 20.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof.

*United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).  The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).  If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *See id.*; *United Phosphorus*, 322 F.3d at 946.  If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence.  *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In his second amended complaint, Spiegel brings one claim against Wilmette under

§ 1983 requesting (1) a declaration that videotaping or photographing while in his residence, on

common elements of the condominium property, or on public property does not constitute

disorderly conduct, and (2) an injunction prohibiting Wilmette from prosecuting disorderly

conduct charges based on such conduct. Spiegel alleges that Wilmette threatens to apply state or

local law, specifically Wilmette Ordinance § 12-4.1[3] or Illinois statute 5/26-1(a)(1),[4] in a way

that violates his right to freedom of speech under the First Amendment and his rights to due

process and equal protection under the Fourteenth Amendment. Spiegel also brings a § 1983

claim against McClintic alleging that she conspired with Wilmette and seeking the same

declaration and an injunction against McClintic from pursuing disorderly conduct charges. In

addition, Spiegel brings one claim against McClintic for intrusion upon seclusion requesting

compensatory and punitive damages and attorneys' fees.

## I.      Wilmette's Motion to Dismiss

Wilmette asks the Court to dismiss Spiegel's claim against it under Rule 12(b)(1) because

Spiegel lacks standing required for federal jurisdiction.[5] A plaintiff must establish Article III

---

[3] The Village of Wilmette Code of Ordinances § 12-4.1 states: "It is unlawful for any person to knowingly do any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace in the village. The causing or making of any unnecessary loud noise and shouting or yelling is considered disorderly conduct." Wilmette, Ill., Code of Ordinances § 12-4.1.

[4] Section 5/26-1(a)(1) of the Illinois statutes states: "A person commits disorderly conduct when he or she knowingly [] [d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 Ill. Comp. Stat. 5/26-1(a).

[5] In his opposition to Defendants' motions to dismiss, Spiegel argues that Wilmette's Rule 12(b)(1) motion should be treated as a Rule 12(b)(6) motion because it is an indirect attack on the merits of Spiegel's complaint. However, Wilmette's 12(b)(1) motion challenges Spiegel's Article III standing to bring a claim in federal court, specifically whether he has established injury-in-fact. A challenge to Article III standing is properly reviewed under Rule 12(b)(1). *Smith v. City of Chicago*, 143 F. Supp. 3d 741, 747 n.1 (N.D. Ill. Nov. 9, 2015).

standing to bring an action in federal court for declaratory or injunctive relief. *Susan B. Anthony List v. Driehaus*, --- U.S. ----, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014). Article III standing requires a plaintiff to show three elements: (1) "an injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (citation omitted) (internal quotation marks omitted). Wilmette argues that Spiegel has failed to show an injury in fact.

To establish standing, a plaintiff's injury must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Susan B. Anthony List*, 134 S. Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560). An alleged "future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, --- U.S. ----, 133 S. Ct. 1138, 1147, 1150 n.5, 185 L. Ed. 2d 264 (2013)). The injury-in-fact requirement is satisfied if a plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* at 2342 (quoting *Babbitt v. United Farm Workers Nat'l*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979)). It is not necessary that a plaintiff "first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S. Ct. 1209, 39 L Ed. 2d 505 (1974). However, a plaintiff does not establish jurisdiction if he fails to allege that he has been threatened with prosecution, that a prosecution is likely, or that a prosecution is remotely possible. *Babbitt*, 442 U.S. at 298–99. Although the threat of prosecution may be established by the existence of a statute, if a plaintiff's desired conduct is "clearly outside" the scope of that statute, the plaintiff must show "some

indication of a nontrivial probability of prosecution" to establish standing for a pre-enforcement challenge to that statute. *Lawson v. Hill*, 368 F.3d 955, 957–58 (7th Cir. 2004) (collecting cases); *Schirmer v. Nagode*, 621 F.3d 581, 586–87 (7th Cir. 2010) (citing *Lawson*, 368 F.3d at 957).

Here, Spiegel has alleged an intention to engage in "conduct arguably affected with a constitutional interest, but proscribed by a statute." *Susan B. Anthony List*, 134 S. Ct. at 2342. Spiegel states in his opposition to Defendants' motions to dismiss that he "will continue to invoke his right to videotape" and argues that the conduct is protected by the First Amendment. Doc. 41 at 15–19. Although videotaping is not explicitly proscribed by the Illinois disorderly conduct statute or the Wilmette ordinance, Wilmette officers have allegedly threatened Spiegel with criminal prosecution for disorderly conduct if he videotapes others in public. In addition, courts have held that under certain circumstances, videotaping others in public may constitute disorderly conduct under Illinois law or provide probable cause to arrest an individual for disorderly conduct. *See Reher v. Vivo*, 656 F.3d 772, 776 (7th Cir. 2011) (holding that videotaping other people in public is not illegal in Illinois but "videotaping other people, when accompanied by other suspicious circumstances, may constitute disorderly conduct" (citing *Graham v. Vill. of Niles*, No 02 C 4405, 2003 WL 22995159, at *6 (N.D. Ill. 2003)); *Graham*, 2003 WL 22995159, at *6 ("Illinois courts have sustained arrests for disorderly conduct where videotaping was accompanied by other suspicious circumstances.").

Spiegel has also alleged a credible threat of prosecution. He claims that Wilmette police officers have threatened to criminally charge him with disorderly conduct for videotaping others in public places. Spiegel alleges that on three occasions, Wilmette police officers visited his condominium building in response to complaints by McClintic about his videotaping. He alleges

that during these visits, the Wilmette police officers and detectives "insisted that Spiegel had broken the law," "warned Spiegel about any further problems," and stated that they "would come to his house and 'execute the charges' against him" if they received another complaint. Doc. 14 ¶¶ 10, 12, 19. Based on these allegations, which the Court must accept as true for purposes of Wilmette's motion to dismiss, Spiegel faces a credible threat of prosecution. *See Vasquez v. Foxx*, No. 16-cv-8854, 2016 WL 7178465, at *4 (N.D. Ill. Dec. 9, 2016) (finding that plaintiffs had standing to bring a pre-enforcement challenge to a statute where police department threatened enforcement of statute if plaintiffs did not move from their homes in a given time period); *Pindak v. Dart*, No. 10 C 6237, 2011 WL 4337017, at *3 (N.D. Ill. Sept. 14, 2011) (finding that the possibility plaintiff will be arrested and charged is not "highly speculative" where plaintiff alleged three specific incidents with law enforcement officers who told plaintiff his conduct was illegal or would result in arrest).[6]

Wilmette argues that Spiegel's allegations are insufficient to show an imminent threat of criminal charges because, to date, Spiegel has not been charged, arrested, or prosecuted for videotaping. However, a showing of prior enforcement is not necessary to establish the injury-in-fact requirement in a pre-enforcement challenge. *Steffel*, 415 U.S. at 459. The plaintiff is only required to show that he "faces 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'" *Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 473 (7th Cir. 2012) (citing *Babbitt*, 442 U.S. at 298). Wilmette's argument that Spiegel's claims

---

[6] Because courts have held that videotaping others in public, in and of itself, is not illegal in Illinois, *Reher*, 656 F.3d at 776, Spiegel's desired conduct could be considered "clearly outside" the scope of the statute. The Court finds that the threat of prosecution Spiegel faces is also sufficient to show a "nontrivial probability of prosecution," which is required for standing if Spiegel's desired conduct is "clearly outside" the scope of the statute at issue. *Lawson*, 368 F.3d at 957–58; *Schirmer*, 621 F.3d at 586–87 (citing *Lawson*, 368 F.3d at 957).

are too speculative to establish standing ignores Spiegel's allegations that he has been threatened by Wilmette police officers and detectives on three separate occasions.

The Court finds that Spiegel has alleged an injury-in-fact sufficient to establish standing for federal jurisdiction and denies Wilmette's motion to dismiss under Rule 12(b)(1).

## II.    McClintic's Motion to Dismiss

McClintic asks the Court to dismiss Spiegel's claims against her under Rule 12(b)(1) for lack of federal subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. The Court first considers McClintic's 12(b)(1) motion to determine whether jurisdiction exists.

### A.    Subject Matter Jurisdiction

McClintic argues that Spiegel's § 1983 claim should be dismissed for lack of federal subject matter jurisdiction because Spiegel fails to allege that McClintic acted under color of law. To state a claim for relief under § 1983, a plaintiff must establish that the defendant acted "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). However, failure to allege action under color of law "does not deprive a district court of jurisdiction over a § 1983 claim." *Miles v. Mirrorball, Inc.*, 65 F. App'x 569, 570 (7th Cir. 2003) (collecting cases). Rather, such a deficiency "simply means that the plaintiff has failed to state a claim for which relief can be granted." *Id.* Therefore, McClintic's argument that Spiegel failed to allege conduct under color of law cannot form the basis for a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction.

In her reply in support of her motion to dismiss, McClintic further argues that Spiegel's § 1983 claim lacks federal subject matter jurisdiction because Spiegel fails to allege a deprivation of a constitutional right. McClintic argues that § 1983 and the Declaratory Judgment Act do not on their own confer federal jurisdiction and because Spiegel does not allege a

constitutional deprivation, there is no federal question in this case and therefore no federal subject matter jurisdiction.

McClintic is correct that § 1983 and the Declaratory Judgment Act do not confer federal jurisdiction. However, a plaintiff alleging a § 1983 claim "may invoke jurisdiction of a federal court under 28 U.S.C. § 1331, the general federal question statue, or 28 U.S.C. § 1343(3), the jurisdictional counterpart to § 1983." *Mattingly v. Allstate Ins. Co.*, No. 86 C 2914, 1986 WL 12836, at *2 (N.D. Ill. Nov. 10, 1986) (citing *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 n.2 (7th Cir. 1986); *Haldorson v. Blair*, 449 F. Supp. 1025, 1027 (D. Minn. 1978)). In his second amended complaint, Spiegel alleges that jurisdiction exists under § 1331.

To establish jurisdiction under § 1331, a plaintiff's claim "must arise under the laws of the United States and cannot be made for the sole purpose of obtaining jurisdiction." *Cortes v. Midway Games, Inc.*, No. 04 C 0510, 2004 WL 1611967, at *1 (N.D. Ill. July 16, 2004) (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). A cause of action arises under the laws of the United States "when the federal question appears on the face of the well-pleaded complaint." *Anglin v. Sears, Roebuck & Co.*, No. 93 C 3438, 1993 WL 437430, at *1 (N.D. Ill. Oct. 27, 1993) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 103 S. Ct. 2641, 77 L. Ed. 2d 420 (1983)).

Spiegel alleges throughout his complaint that his constitutional rights under the First and Fourteenth amendments were violated when police officers or McClintic threatened to arrest or prosecute him for videotaping others in public places. These allegations, which appear on the face of the complaint, raise a federal question under the United States Constitution. Although Spiegel's complaint includes allegations which are irrelevant to this federal question, his claim regarding his constitutional right to videotape comprises a substantial portion of his complaint.

Therefore, the Court finds that his federal question claim is not made for the sole purpose of establishing jurisdiction and federal subject matter jurisdiction under § 1331 exists.[7] The Court denies McClintic's 12(b)(1) motion to dismiss.

### B. Failure to State a Claim under § 1983 (Count II)

McClintic argues that Spiegel's § 1983 claim should be dismissed under Rule 12(b)(6) for failure to state a claim because Spiegel does not plausibly allege that McClintic acted under color of law and because Spiegel fails to allege a deprivation of any constitutional right.

To state a claim for relief under § 1983, a plaintiff must establish that the defendant acted "under color of state law." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49–50. Action under color of state law requires that the defendant "be a person who may fairly be said to be a state actor." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). "Merely private conduct, no matter how discriminatory or wrongful," cannot be considered action "under color of state law." *Id.*

A private citizen may be held liable under § 1983 for acting under color of state law if the citizen conspires with a state actor. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (citing *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992)). "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his

---

[7] This finding also defeats McClintic's argument that Spiegel's second amended complaint should be dismissed because it is "basically unchanged" from the first amended complaint, which the Court dismissed for lack of subject matter jurisdiction. Doc. 18 at 4. Spiegel's first amended complaint alleged a count for declaratory judgment and injunctive relief without sufficiently identifying an independent basis for federal subject matter jurisdiction. Although similar to his first amended complaint, Spiegel's second amended complaint identifies that his requests for declaratory and injunctive relief are based on a § 1983 claim for a violation of his constitutional rights. Because Spiegel has identified a basis for federal jurisdiction, he has addressed the deficiency that caused the dismissal of his first amended complaint. Therefore, the Court will not dismiss the second amended complaint for lack of subject matter jurisdiction solely based on the fact that it is similar to the first amended complaint.

constitutional rights, and (2) those individuals were willful participants in joint activity with the State or its agents." *Id.* (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). "[I]t is not sufficient to allege that the (private and state) defendants merely acted in concert or with a common goal." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980) (quoting *Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir. 1979)). "There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and such allegations "must further be supported by some factual allegations suggesting such a 'meeting of the minds.'" *Id.* (quoting *Sparkman*, 601 F.2d at 268).

Spiegel alleges in his second amended complaint that McClintic "has conspired or acted jointly with the Village of Wilmette." Doc. 14 at ¶ 36. However, Spiegel does not allege facts that show McClintic and Wilmette reached an understanding to deny Spiegel any of his constitutional rights. Spiegel alleges that McClintic has filed false reports against him and that, on three occasions, Wilmette police officers came to Spiegel's residence in response to complaints by McClintic. But police reports do not indicate that a private actor is conspiring with the police. *See Kelley v. Myler*, 149 F.3d 641, 648–49 (7th Cir. 1998) (finding the private defendant's complaint to police officers about plaintiff's conduct did not support allegation of conspiracy between defendant and police to arrest plaintiff in violation of her civil rights); *Rodgers v. Lincoln Towing Serv., Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. Mar. 29, 1984) (a "private citizen does not become a state actor just because he reports a crime and the police rely on his report to make an arrest," collecting cases). Spiegel also alleges that McClintic "stated that the Village of Wilmette police told her that she should call them to have Spiegel arrested" and that a Wilmette detective "told Spiegel that if they got another complaint, [the detective] would come to his house and 'execute the charges' against him." *Id.* ¶¶ 14, 19. However, the Court cannot

draw a reasonable inference that McClintic conspired with Wilmette based on these statements and the fact that Wilmette police responded to McClintic's complaints. Allegations that require "some imagination and speculation to conclude that an agreement existed" are insufficient. *Turner v. City of Chicago, Ill.*, No. 12 C 9994, 2013 WL 4052607, at *6 (N.D. Ill. Aug. 12, 2013) (finding that plaintiffs failed to sufficiently plead a conspiracy claim because conspiracy allegations were conclusory and threadbare and failed to demonstrate any type of agreement); *see also Thompson v. Vill. of Monee*, No. 12 C 5020, 2013 WL 3337801, at *7–8 (N.D. Ill. July 1, 2013) (dismissing complaint against private party where plaintiff made "only conclusory allegations regarding any agreement" between the private party and officer).

Spiegel argues that under the Supreme Court's decision in *Lugar v. Edmondson Oil Company*, an agreement or conspiracy between the state actor and the private party is not required to establish state action under § 1983. He asserts that under *Lugar*, "a private individual need only 'act together with' or obtain 'significant aid' from a state official to be liable." Doc. 41 at 29. However, the Supreme Court's *Lugar* decision "is limited to the particular context of prejudgment attachment." *Lugar*, 457 U.S. at 939 n.21. Furthermore, the Seventh Circuit has not adopted Spiegel's interpretation of the *Lugar* decision and continues to require an agreement or understanding among the state actor and the private actor.[8] *Brokaw*, 235 F.3d at 1016; *Tarkowski*, 644 F.2d at 1206.

---

[8] Other cases cited by Spiegel contradict his position that a conspiracy is not required to establish state action. In *Greco v. Guss*, the court found that the private defendants acted under color of law based on evidence that they conspired with a deputy sheriff. 775 F.2d 161, 169 (7th Cir. 1985). In *Latosky v. Strunc*, the court ruled that the plaintiff's claim that a private defendant acted under color of law by conspiring with the police could survive summary judgment based on evidence that the police acted in concert with and at the direction of the plaintiff. No. 8-C-771, 2009 WL 1073680, at *8–10 (E.D. Wisc. Apr. 21, 2009).

Because Spiegel has failed to sufficiently allege that McClintic acted under color of law, the Court dismisses Spiegel's § 1983 claim against McClintic.

### C. Failure to State a Claim for Intrusion Upon Seclusion (Count III)

McClintic also argues that the Court should dismiss Spiegel's claim against her for intrusion upon seclusion for failure to state a claim.[9]  To state a claim for intrusion upon seclusion under Illinois law, a plaintiff must allege: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion, (2) the intrusion would be 'highly offensive or objectionable to a reasonable person,' (3) the matters upon which the intrusion occurred were private, and (4) the intrusion caused anguish and suffering."  *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 959 (N.D. Ill. 2013) (citing *Busse v. Motorola, Inc.*, 813 N.E. 2d 1013, 1017, 351 Ill. App. 3d 67, 286 Ill. Dec. 320, (2004)).  McClintic argues that Spiegel has failed to allege the second, third, and fourth elements.

Spiegel alleges that McClintic "repeatedly spied on Spiegel by peering through his windows and loitering around the common areas."  Doc. 14 ¶ 13.  He claims that on May 29, June 2 or 3, June 4, and September 20, McClintic "peered into" Spiegel's condominium or waved at Spiegel while he was inside his condominium.  *Id.*  "[P]eering into the windows of a private home" is an actionable intrusion upon seclusion under Illinois law.  *Benitez v. KFC Nat'l*

---

[9] In his second amended complaint, Spiegel asserts that the Court has supplemental jurisdiction over this state law claim against McClintic under § 1367(a).  Section 1367(a) permits supplemental jurisdiction over all claims that are "so related" to and "form the same case or controversy" with the claims over which original jurisdiction exists.  28 U.S.C. § 1367(a).  Under §1367 supplemental jurisdiction extends to "claims that involve the joinder or intervention of additional parties."  *Id.*  Claims form the same case or controversy for purposes of supplemental jurisdiction when they "derive from a common nucleus of operative facts."  *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (internal citations omitted).  "A loose factual connection between the claims is generally sufficient."  *Id.*  Although the Court dismisses Spiegel's federal claim against McClintic for failure to state a claim, the Court retains supplemental jurisdiction over the state law claim against McClintic based on Spiegel's federal claim against Wilmette.  Spiegel argues that he videotapes McClintic to document and protect himself from McClintic's unlawful conduct.  Therefore, his allegations that McClintic intrudes upon his seclusion have a loose factual connection to his federal claim against Wilmette regarding his right to videotape others in public.

*Mgmt. Co.*, 714 N.E.2d 1002, 1033, 305 Ill. App. 3d 1027, 239 Ill. Dec. 705 (1999) (citing

*Lovgren v. Citizens First Nat'l Bank*, 534 N.E.2d 987, 989, 126 Ill. 2d 411, 128 Ill. Dec. 542

(1989)). Such conduct "involves 'highly offensive' intrusion into private matters." *Vega*, 958 F.

Supp. 2d at 959 (citing *Horgan v. Simmons*, 704 F. Supp. 2d 814, 822 (N.D. Ill. 2010)).

Spiegel's allegations that McClintic peered into his residence are therefore sufficient to plead the

second and third elements of the intrusion upon seclusion claim.[10] However, Spiegel fails to

plead any facts in support of the fourth required element of the claim – anguish and suffering

caused by the alleged intrusion. Spiegel merely states that McClintic's actions "proximately

damaged" him. Doc. 14 ¶ 47. A conclusory allegation of injury that is unsupported by facts is

"not sufficient to plausibly suggest that [a plaintiff] is entitled to relief based on a claim of

intrusion upon seclusion." *See McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1015 (N.D. Ill.

Sept. 24, 2012); *see also Heffron v. Green Tree Servicing, LLC*, No. 15-cv-0996, 2016 WL

47915, at *6 (N.D. Ill. Jan. 5, 2016) (dismissing intrusion upon seclusion claim for failure to

state a claim and noting plaintiff did not plausibly allege how intrusion caused anguish and

suffering); *Shea v. Winnebago County Sheriff's Office*, No. 12 CV 50201, 2014 WL 4449605, at

*7 (N.D. Ill. Sept. 10, 2014) (citing failure to include allegations regarding any anguish or

suffering resulting from the alleged intrusion as one of the reasons plaintiff's claim for intrusion

failed).

---

[10] Spiegel also alleges that McClintic is liable for intrusion upon seclusion based on her alleged false police reports. However, the basis of the tort of intrusion upon seclusion is the act of offensively prying into the private domain of another, "not publication or publicity." *Mlynek v. Household Fin. Corp.*, No. 00 C 2998, 2000 WL 1310666, at *3 (N.D. Ill. Sept. 13, 2000) (citing *Lovgren*, 534 N.E.2d at 989). According to the facts alleged in the second amended complaint, only one of McClintic's alleged police reports occurred as a result of an offensive prying into Spiegel's private domain (the September 2016 report). The other police reports allegedly occurred based on incidents that occurred in public (in front of her car, on the sidewalk, and at a public meeting). Therefore, the Court does not consider the alleged conduct related to these police reports as intrusion upon seclusion.

Spiegel argues that damages are presumed for an intrusion upon seclusion. In support of his argument, Spiegel cites *Laba v. Chicago Transit Authority*, a case in which the court declined to dismiss an intrusion upon seclusion claim based on the fact that plaintiffs only alleged that they suffered damages as a result of the alleged intrusion. No. 14 C 4091, 2015 WL 3511483, at *5 (N.D. Ill. June 2, 2015). In *Laba*, the court found that it could infer "that any reasonable person could have suffered emotional distress or embarrassment after discovering that they were being filmed while changing their clothes at work." *Id.* However, in this case, the nature of the alleged intrusion is significantly different from that alleged in *Laba* and the Court cannot infer that McClintic's alleged peering into Spiegel's condominium caused Spiegel "anguish and suffering." Other cases cited by Spiegel are also distinguishable and do not support his argument that damages are presumed for intrusion upon seclusion.[11]

Because Spiegel fails to allege facts in support of an element required to state a claim for intrusion upon seclusion, the Court dismisses Spiegel's claim against McClintic for intrusion upon seclusion. *See McGreal*, 892 F. Supp. 2d at 1015 (dismissing intrusion upon seclusion claim because plaintiff's "unsupported statement that she suffered injury is not sufficient to plausibly suggest that she is entitled to relief based on a claim of intrusion upon seclusion").

---

[11] Spiegel argues that the decisions in *Vega v. Chicago Park District* and *Webb v. CBS Broadcasting Inc.* support his argument that damages are presumed. However, in *Vega*, the court stated that the anguish and suffering element of the intrusion claim was not contested by the parties. *Vega*, 958 F. Supp. 2d at 959 ("[O]nly the second and third elements are contested."). In *Webb*, the court found that the plaintiffs did allege harm resulting from the intrusion. *Webb v. CBS Broad. Inc.*, No. 08 C 6241, 2009 WL 1285836, at *1, 3 (N.D. Ill. May 7, 2009) ("[plaintiffs] claim that the actions of CBS caused them 'severe emotional distress' and 'public humiliation'" and plaintiffs "alleged that they were harmed by the acts of videotaping itself").

### III.     McClintic's Request for Attorneys' Fees

McClintic argues that the Court should award her attorneys' fees under § 1988. McClintic argues that Spiegel "ignored the law" and "pursued a course of litigation that is clearly barred by existing precedent."  Doc. 18 at 10–11.

A court may award prevailing defendants attorneys' fees in a § 1983 case only if "the plaintiff's 'claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so.'"  *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)).  A suit may be frivolous if the plaintiff's claims were "clearly foreclosed" by case law.  *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (upholding award of fees based on district court's determination that suit was frivolous where plaintiff's claims were clearly foreclosed by case law regarding prosecutorial immunity).

McClintic argues that Spiegel's claim is frivolous because "basic case law and precedent shows that a private individual does not act under color of law by making a police report."  Doc. 18 at 10.  However, Spiegel's § 1983 claim against McClintic alleges that McClintic conspired or acted jointly with the Wilmette officers.  As discussed in Section II(B), conspiracy with a state actor is a well-recognized basis for § 1983 liability against a private citizen.  *See Brokaw*, 235 F.3d at 1016.  Although Spiegel failed to plead sufficient facts in support of his conspiracy allegation, his claim was not clearly foreclosed by case law.  The Court denies McClintic's request for attorneys' fees.

**IV.    Spiegel's Motion for Preliminary Injunction**

Spiegel moves for a preliminary injunction against Wilmette and McClintic.  Because the Court dismisses Spiegel's § 1983 claim against McClintic for failure to state a claim, it need only consider Spiegel's motion for a preliminary injunction against Wilmette.

The party seeking a preliminary injunction must first show: (1) it is reasonably likely to succeed on the merits, (2) it will suffer irreparable harm absent an injunction before final resolution of its claims, and (3) it has no adequate remedy at law.  *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).  If the moving party fails to demonstrate any of these three requirements, the Court will deny the motion.  *Id.*  But if the moving party meets this threshold showing, the Court attempts to "minimize the cost of potential error" by "balanc[ing] the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the 'public interest.'"  *Id.*  "Specifically, the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief."  *Id.* (citing *Abbott Labs. v Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992)).  The Seventh Circuit has described this balancing test as a "sliding scale" in which "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor."  *Id.* (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)).

The Court first considers whether Spiegel is reasonably likely to succeed on the merits of his claim against Wilmette.  "[T]he threshold for demonstrating a likelihood of success on the merits is low," with Spiegel needing only to demonstrate that his chances of prevailing are

"better than negligible." *D.U. v. Rhoades*, 825 F.3d 331, 338 (7th Cir. 2016).  Spiegel brings a § 1983 claim against Wilmette for deprivation of his First and Fourteenth amendment rights.  A municipality can be held liable under § 1983 on three particular grounds:  "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury."  *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (citing *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2004)).  "[A] municipality cannot be held liable solely on the grounds of *respondeat superior*." *Id.* (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, L. Ed. 2d 611 (1978)); *see also Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) ("Government entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006)).  A municipality cannot be held liable under § 1983 where a plaintiff has not alleged an unconstitutional custom or policy. *Hosea v. Slaughter*, 669 F. App'x 791, 792 (7th Cir. 2016).

Spiegel does not assert any facts or theories to support municipal liability for his alleged constitutional deprivations.  He seeks to hold Wilmette liable for the conduct of its individual police officers and detectives without alleging that the acts were carried out pursuant to an express policy or widespread practice or caused by a person with final policy-making authority. Although Spiegel alleges three incidents in which Wilmette officers and detectives threatened to arrest him for videotaping, he does not allege that these incidents were the result of a widespread practice.  The Court cannot conclude from these three incidents alone that Wilmette police have

a practice "so well-settled that it constitutes a custom or usage with the force of law." *See*

*Grieveson*, 538 F.3d at 774 (plaintiff's evidence of four incidents that he alone experienced

failed to meet the test of a widespread unconstitutional practice so well settled that it constitutes

a custom or usage with the force of law). Spiegel argues that "Wilmette is liable for [sic]

because Spiegel's constitutional rights were 'directly injured by an ordinance or policy'" and

"for acquiescing, approving or ratifying the police officer's acts." Doc. 41 at 34. However,

Spiegel does not allege facts to support these conclusory statements. Conclusory allegations are

not enough to establish § 1983 liability against a municipality. *See Mikolon v. City of Chicago*,

No. 14 CV 1852, 2014 WL 7005257, at *4–5 (N.D. Ill. Dec. 11, 2014). As a result, the Court

concludes that Spiegel has not shown a likelihood of success on his § 1983 claim against

Wilmette.

Because failure to meet one of the three threshold requirements for a preliminary

injunction results in a denial of the motion, the Court need not consider the remaining

requirements. *See Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1086. The Court denies

Spiegel's motion for a preliminary injunction.

## V. Failure to State a Claim against Wilmette

Wilmette has not moved to dismiss Spiegel's claims under Rule 12(b)(6). However, for

the reasons stated above, the Court finds that Spiegel's second amended complaint fails to state a

§ 1983 claim against Wilmette because he does not sufficiently plead municipal liability. *See*

Section IV. "A district court cannot *sua sponte* dismiss a complaint on the merits without

notifying the parties and allowing the plaintiff an opportunity either to cure the defect in the

complaint or at least a chance to defend the merits of his claim." *Swanigan v. City of Chicago*,

775 F.3d 953, 959 (7th Cir. 2015). Thus, the Court will allow Spiegel file a response as to why

the Court should not dismiss his claim against Wilmette for failure to state a claim. Spiegel's response is limited to three pages and must be filed by October 18, 2017. The Court sets a status date for November 8, 2017 at 9:30 a.m. for a ruling on whether the Court should dismiss Spiegel's claim against Wilmette.

## CONCLUSION

For the foregoing reasons, the Court denies Wilmette's motion to dismiss [31], grants in part McClintic's motion to dismiss [18], denies McClintic's request for attorneys' fees [18], and denies Spiegel's motion for preliminary injunction [36]. The Court dismisses Spiegel's claims against McClintic without prejudice. The Court allows Spiegel to respond as to why the Court should not dismiss his claim against Wilmette for failure to state a claim. The Court sets a status date for November 8, 2017 at 9:30 a.m. for ruling.

Dated: September 27, 2017

SARA L. ELLIS
United States District Judge